(Reap. Dec. 10710)

NEW YORK MERCHANDISE CO., INC. v. UNITED STATES

Entry No. 8431, etc.

(Decided April 7, 1964)

*Stein & Shostak* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the respective parties herein:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as to the merchandise manufactured by Yacht Rubber Ind. Co. or Yamamoto Kagaku Kenkyusho, covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases, which is incorporated herein:

1. That, on the dates of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for

sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values, ex factory, net packed.

2. That all of the merchandise covered by all of the appeals for reappraisement the subject of this stipulation was entered subsequent to February 27, 1958.

3. That as to any of the merchandise on the invoices covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases which is included in the list of articles designated by the Secretary of the Treasury in T.D. 54521 as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress which is subject to appraisement under Sec. 402 of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938, that there were no higher foreign values for such or similar merchandise on the dates of exportation involved herein.

4. That the footwear covered by the entries, the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases, is unlike any articles manufactured or produced in the United States.

5. That the appeals for reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the merchandise herein involved and that such value was the invoice unit value, ex-factory, net, packed.

Judgment will issue accordingly.